UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIAGARA MOHAWK POWER CORPORATION,
d/b/a NATIONAL GRID,

                Plaintiff,

vs.                               5:09-CV-00471

HUDSON RIVER-BLACK RIVER REGULATING
DISTRICT

                Defendant.
_____

APPEARANCES:                               OF COUNSEL:

Hiscock & Barclay, L.L.P.                Mark D. Lansing, Esq.
50 Beaver Street
Albany, New York 12207-2830
*Attorneys for Plaintiff*

Crane, Parente & Cherubin              David M. Cherubin, Esq.
Regulating District
90 State Street, Suite 1515
Albany, New York 12207
*Attorneys for Defendant Hudson River-Black River*
 *Regulating District*

Hodgson Russ LLP                        Daniel A. Spitzer, Esq.
The Guaranty Building                    Benjamin K. Ahlstrom, Esq.
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
*Attorneys for Proposed Intervenors*
 *Sacandaga Protection Corporation*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

     This Court previously denied plaintiff's motion for a preliminary injunction and dismissed the New York State Department of Environmental Conservation ("DEC") as a defendant. Familiarity with the previous memorandum and decision is assumed. Presently before the Court is a motion to intervene as of right pursuant to Fed. R. Civ. P. 24 (a)(2) by the Sacandaga

Protection Corporation ("SPC") as well as a motion for summary judgment by defendant Hudson River-Black River Regulating District ("the District"). For obvious reasons, the Court will address SPC's motion to intervene first and, if necessary, provide said party an opportunity to submit papers in support of, or in opposition to the pending motion for summary judgment.

## II.   RELEVANT FACTS

The District builds and operates reservoirs, issues bonds and apportions costs on statutorily defined beneficiaries to finance the construction, maintenance and operation of its river regulating reservoirs. The focal point of the District's operation in the Hudson River watershed is its ownership and operation of the Conklingville Dam and its related body of water, the Sacandaga Reservoir, now known as Great Sacandaga Lake. The State of New York owns the land surrounding the Great Sacandaga Lake up to a certain water level. In many cases, the state-owned land directly abuts privately owned waterfront homes. In some cases, state-owned land runs directly up to the back doors of these homes. For over 70 years, the District has operated a permit system by which certain parties have been allowed to use and occupy the state-owned land surrounding the Great Sacandaga Lake, primarily for recreational purposes in exchange for a permit fee.

In October 2007, the District proposed new rules which would have fundamentally altered the long standing permit system including new procedures for the application, payment of fees and rights conferred by the permits. Under the decades old permit system, permit holders were allowed to landscape the lakefront and exclude the general public from the strip of state-owned land between their homes and the water, which in essence allowed permittees to treat state-owned land as though it was their own. Under the new rules proposed by DEC, virtually the entire state-owned shoreline of the Great Sacandaga Lake would become a free public park, including the

2

beaches, docks, and improvements made in front of homes worth in excess of a million dollars by permit holders on state-owned land along the shoreline. SPC was formed in May 2009 to respond to actions taken by the District and DEC regarding proposed permit system rule changes. SPC constituents include a wide range of property owners - both "front lot" and "back lot," business and recreational users of Great Sacandaga Lake. Many constituents of SPC are permit holders. SPC was well organized and well funded to launch a legal and political fight to ensure the current permit access system remained unchanged.

The District's current permit system provides the public with recreational access to Great Sacandaga Lake and allows both the general public and property owners to occupy and use the state land that surrounds the lake. In certain areas, permit holders are granted exclusive access rights to permitted areas. These exclusive access rights are reflected in the high property values of lakefront properties (which according to SPC benefits the local economy through a stable tax base). Permit holders have improved their access areas by installing at their own expense and pursuant to permits, docks, rip-rap for erosion control, picnic areas, swimming platforms, stairways, and other structures. In many cases, permit holders also maintain the permit areas by mowing the lawns, ensuring cleanliness, and clearing debris.

Governor Patterson withdrew the proposed revisions to the District's rules for the access permit system in June 2009, at least temporarily, to "consider the implications such changes would have on the region's environment and economy." However, as a part of its complaint in this case, plaintiff Niagara Mohawk Power Corp. d/b/a National Grid claims that the District's current access permit system is illegal and/or preempted by the Federal Power Act. Thus, SPC remains concerned that the alleged rights of its constituents may be affected by the outcome of the pending litigation and seeks intervention as of right pursuant to Fed. R. Civ. P. 24 (a) (2). The District takes no position on the motion by SPC while plaintiff opposes it.

**III.    DISCUSSION**

A.    <u>Applicable Legal Standard</u>

Rule 24(a)(2) of the Fed. R. Civ. P. provides a four part test for intervention as of right:

> Upon (1) timely application anyone shall be permitted to intervene in an action . . . when the applicant claims (2) an interest relating to the property or transaction which is the subject of the action and (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, (4) unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2); *see also Farmland Dairies v. Comm'r of New York Dep't of Agric.*, 847 F.2d 1038, 1043 (2d Cir. 1988); *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir. 1987); *Restor-A-Dent Dental Labs., Inc. v. Certified Aloe Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984).  All four parts of the test must be satisfied to qualify for intervention as of right.  *State of New York*, 820 F.2d at 556.

B.    <u>SPC's Right to Intervene</u>

Plaintiff asserts that SPC's application is untimely since SPC waited until five months after the action was commenced to move to intervene and that SPC's interests will adequately be represented by the District.  The District also avers that it can represent SPC's interests and adds that SPC constituents have no property interests in this case since they must apply each year for annual permits to use state-owned land with no guarantee they will be awarded such permits.

Upon review of the record the following is clear: First, short of plaintiff's conclusory statement, there is no evidence that SPC's application for intervention is untimely or has resulted in prejudice to any party.  Second, Rule 24(a)(2) "does not require that the intervenor prove a property right, whether in the constitutional or any other sense." *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123 (2d Cir. 2001) *(citing United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir. 1989).  Indeed, *New York Pub. Interest Research Group, Inc. v. Regents of the Univ. of the*

*State of New York*, 516 F.2d 350, 351-52 (2d Cir. 1975) (per curiam), held that the Pharmaceutical Society of the State of New York, Inc. and three individual pharmacists had standing to intervene as of right in an action challenging the legality of a regulation prohibiting advertising the price of prescription drugs, even though the economic interest of pharmacists in sustaining the regulation clearly did not constitute a property right.  Rule 24(a)(2) requires not a property interest but, rather, "an interest relating to the property or transaction which is the subject of the action."  *Id.*  It is very clear that SPC's constituents have an interest in the outcome of the present litigation to the extent it involves the District's current permit access system on Great Sacandaga Lake, which interest may be "impaired or impeded," which is all that is required by Fed. R. Civ. P. 24 (a)(2).

      Finally, SPC asserts that the District has various serious and fundamental financial problems which will affect its ability to effectively defend the present litigation, an allegation the District denies.  Regardless, it is apparent that SPC and the District have sufficiently different interests insofar as the present litigation is concerned.  Thus, both parties could not be represented by the same counsel.  While both parties may have an interest in preserving the District's permit system, the District may not be interested in preserving the permit access system as it exists **presently** which is the sole and founding interest of SPC.

## IV.   CONCLUSION

      Based upon the foregoing, it is hereby

      ORDERED that Sacandaga Protection Corporation's motion to intervene is GRANTED; and it is further

      ORDERED that the parties including Sacandaga Protection Corporation have 15 days within which to confer which each other, agree to and file an amended briefing schedule for additional filing of papers (including opposition and reply papers) either in support of or in

opposition to the pending motion for summary judgment by Sacandaga Protection Corporation and/or all other parties.

      IT IS SO ORDERED.

      Date:   May 5, 2010
                  Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge